```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

CLARENCE FISCHER,

                Plaintiff,

vs.                        Case No. 2:05-cv-303-FtM-99SPC

CAPTAIN THOMAS ELLEGOOD; LIEUTENANT SCOTT HALL; LIEUTENANT BOB BUISSERETH; SERGEANT BRAD GILBERT; SERGEANT T. WARD; OFFICER A SINIBALDI; OFFICER C. BUCCI; OFFICER DOWNEY; SERGEANT GUFFEY,

                Defendants.

_____

**OPINION and ORDER**

This matter comes before the Court upon review of Plaintiff's Amended Complaint (Doc. #13), filed November 23, 2005. Plaintiff, an inmate currently confined at Lee County Jail proceeding *pro se* and *in forma pauperis*, filed an amended civil rights complaint pursuant to 42 U.S.C. §1983 (Doc. #13). Plaintiff's Complaint alleges violations of the First, Eighth, and Fourteenth Amendments. Complaint, Section VI. Plaintiff seeks as relief $5 million "for mental and emotional damages and stress."

**I.**

According to the Statement of Facts and the grievance forms attached to Plaintiff's Amended Complaint, on May 16, 2005 at approximately 6:35 a.m., Plaintiff was cleaning the food flaps on inmate doors with window cleaner when he accidentally sprayed the cuff of Officer Sinibaldi's pants with the cleaner. Officer

Sinibaldi became "irate, cursing and yelling" at Plaintiff. Amended Complaint, page 9. Plaintiff apologized to Officer Sinibaldi. As Plaintiff continued to clean the food flap "Sinibaldi [took] a step back and forcefully kick[ed] the flap door shut." Id. Plaintiff admits that he moved his hand and was in no way injured or hit by the door flap. Rather Plaintiff complains that "had [he] not quickly moved [his] hand [his] fingers would have been cut off by Officer Sinibaldi's actions." Id.

Officer Bucci witnessed the incident and later told Plaintiff that Sinibaldi asked him to talk to Plaintiff to prevent Plaintiff "from writing him up." Id. at p. 9. At 3:15 p.m. Plaintiff was served with two disciplinary reports by Sinibaldi and Bucci. Id. Officer Downey came to conduct "an investigation to the alleged charges of the disciplinary reports" and Plaintiff presented Downey with witness statement in his behalf. Id. at p. 11. The disciplinary committee found Plaintiff "not guilty" and the disciplinary reports were dismissed on May 18, 2005. Id. at p. 15; Doc. 13-2, p. 5.

Plaintiff advised various officers he intended on filing "outside criminal charges" against Sinibaldi and asked for the necessary forms. Id. at p. 10. On May 17, 2205, Plaintiff spoke with Sergeant Ward about the incident and his desire to file charges against Sinibaldi. Lieutenant Buissereth eventually came to speak to Plaintiff and advised Plaintiff that he would not file charges against Sinibaldi because "he didn't feel [Plaintiff] would

win." Id. at p. 14.  Plaintiff attaches to his Amended Complaint a copy of the report prepared by Lt. Buissereth in connection with Plaintiff's Grievance Report filed May 16, 2006.  Id. at p. 16. Additionally, Plaintiff submits as an exhibit to his Amended Complaint a May 17, 2005 Memo to Major Waite and Captain Ellegood from Lt. Buissereth regarding the incident in which Lt. Buissereth determined that there was insufficient proof to charge Sinibaldi with aggravated assault charges.  Doc. 13-2, p. 15.

**II.**

Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2). Consequently, the Court is required to review Plaintiff's *pro se* Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).  In essence, §1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings.  See 28 U.S.C. §1915(e)(2). The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed in forma pauperis which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks

arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346,(11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

**III.**

**A. Eighth Amendment**

Construing Plaintiff's Amended Complaint liberally, it appears that Plaintiff claims an Eighth Amendment violation against

Sinibaldi stemming from Sinibaldi kicking the food flap door shut and almost striking Plaintiff. The Prison Litigation Reform Act prohibits a civil action brought by a prisoner confined in jail, prison or other correctional institute for mental or emotional injury while in custody without a prior showing of a physical injury. 42 U.S.C. § 1997e(e). The Eleventh Circuit Court of Appeals has held that the physical injury requirement applies to claims of a constitutional nature and the injury must be more than *de minimis*. Harris v. Garner, 216 F.3d 970 (11th Cir. 2000). In the instant case, Plaintiff acknowledges that he did not suffer any physical injury from the conduct of which he complains. Consequently, Plaintiff's Eighth Amendment claim is barred by 1997e(e) and will be dismissed.

**B.    First Amendment**

Inmates clearly have a constitutional right to access to the court. Lewis v. Casey, 518 U.S. 343, 351 (1996)(citing Bounds v. Smith, 430 U.S. 817, 821, 828 (1977)). The Supreme Court in Bounds made clear that institutions must only make sure that Petitioner has "a reasonable adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. at 825. Thus, an inmate must show that his "fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement" were impaired or obstructed by the prison officials' actions. Id. As pointed out by the Supreme Court, inmates do not have unfettered rights "to

transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Lewis, 518 U.S. at 355.  Rather, inmates are required to be provided access to the courts "in order to attack their sentences directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id.

A prison officials failure to process an inmate's grievances does not, without more, give rise to a due process violation. Buckley v. Barlow, 997 F.2d 494 (8th Cir. 1993).  Here, Plaintiff concedes that he filed a grievance concerning the incident that evening and that his grievance was processed.  The fact that plaintiff is simply dissatisfied with the response to his grievance does not state a constitutional claim.  Moreover, the decision as to whether to prosecute a criminal case is exclusively withing the discretion of the State Attorney, and therefore none of the Defendants can be liable if Sinibaldi is not criminally prosecuted.  Moreover, Plaintiff was not prevented from the filing the instant action.  Thus, the Court finds as a matter of law that Plaintiff was not denied any access to court.

**C.     Fourteenth Amendment**

The Court finds the Amended Complaint woefully short of articulating any due process claim.  First, Plaintiff acknowledges that he was appraised of the disciplinary charges with which he was

-6-

charged. Second, Plaintiff admits he was presented with an opportunity to submit evidence to refute the charges. Finally, the disciplinary charges against Plaintiff were ultimately dismissed without any corrective action of any type taken against Plaintiff. The Court cannot conceive of any constitutional violations giving rise to a due process claim based on the allegations stated in Plaintiff's Amended Complaint. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Even assuming *arguendo* that Defendant Sinibaldi in fact falsely accused Plaintiff of wrong doing in the disciplinary reports, it is clear "that a fair hearing, conforming to the due process standards of Wolff, would 'cure' a constitutional violation otherwise resulting from a false accusation." Grillo v. Coughlin, 31 F.3d 53, 56 (2d Cir. 1994) (citing Freeman v. Rideout, 808 F.2d 949, 954 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988)). Here, it is undisputed that Plaintiff was exonerated of any wrong doing as a result of the disciplinary investigation conducted; and thus, any false charges by Defendant Sinibaldi have been cured.

**IV.**

Consequently, the Court, concludes that no relief could be granted against any of these Defendants under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint. Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). Thus, for the reasons stated above, Plaintiff has

failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any outstanding motions; and 3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __3rd__ day of August, 2006.

_____
JOHN E. STEELE
United States District Judge

SA:  hmk
Copies: All Parties of Record